IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC. and ALKERMES PHARMA IRELAND LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BRECKENRIDGE PHARMACEUTICAL, INC., TWI PHARMACEUTICALS, INC., and TWI PHARMACEUTICALS USA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civ. No. 15-486-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 10th day of September, 2015, having reviewed the motion to transfer filed by defendants TWi Pharmaceuticals, Inc. ("TWi-Taiwan") and TWi Pharmaceuticals USA, Inc. ("TWi-USA") (collectively, "TWi"), and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 8) is denied, for the reasons that follow:

1. **Background.** Plaintiffs Par Pharmaceutical, Inc. ("Par") and Alkermes Pharma Ireland Limited ("Alkermes") (collectively, "plaintiffs") filed their complaint on June 12, 2015, asserting infringement of U.S. Patent No. 9,040,088 ("the '088 patent") by TWi and Breckenridge Pharmaceutical, Inc. ("Breckenridge") (together with TWi, "defendants"). (D.I. 1) The '088 patent discloses nanoparticulate megestrol formulations and is a continuation-in-part of U.S. Patent No. 7,101,576 ("the '576 patent"). The '576 patent was the subject of prior litigation instituted by Par against

TWi-Taiwan in the United States District Court for the District of Maryland ("Maryland litigation"). The '576 patent has been held invalid as obvious and not enabled in the Maryland litigation. (D.I. 21, exs. A and B)

2. In their opening brief in support of their motion to transfer, TWi presented a three-fold argument: (1) the private interest factors described in *Jumara v. State Farm Ins. Co*, 55 F.3d 873, 879 (3d Cir. 1995), are neutral;[1] (2) plaintiffs' forum shopping to avoid an adverse decision in related litigation negates any preference for their chosen forum; and (3) the public interest factors described in *Jumara* weigh in favor of a transfer.[2] In response, plaintiffs disagreed with TWi's *Jumara* analysis, but also argued that transfer was improper because TWi failed to address, let alone satisfy, the threshold prerequisites for transfer, that is, § 1404(a) only provides for a change of venue "to any other district or division where [a civil action] might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). (D.I. 17 at 3-16) TWi, in its reply papers, addresses this latter argument, and submits evidence in support of its position that the district court in Maryland can exert personal jurisdiction over all of the defendants. (D.I. 20 at 7-9 and exs. B and C) Plaintiffs have

---

[1] "In this case, the private interest *Jumara* factors 'whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses' favors neither forum - both TWi and Plaintiffs have ably litigated in this District and in the District of Maryland in the past, neither has a significant physical presence in either jurisdiction, and none of the alleged conduct has any specific ties to either district." (D.I. 9 at 8)

[2] "The public interest favors litigating this matter in Maryland where significant judicial resources have been expended presiding over a case involving a patent from the same family between the same parties regarding allegations of infringement by the same product." (D.I. 9 at 10)

2

moved to strike such argument and evidence, as being improperly addressed for the first time in a reply brief to which plaintiffs have no right to respond. (D.I. 33) The court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Par is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Chestnut Ridge, New York. Alkermes is an Irish corporation having a principal place of business in Dublin, Ireland. TWi-Taiwan is a corporation organized and existing under the laws of Taiwan, having a principal place of business in Tai Pei, Taiwan. TWi-USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Irvine, California. Defendant Breckenridge is a corporation organized and existing under the laws of the State of Florida, having a principal place of business in Boca Raton, Florida.[3]

4. **Standard of review.** Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g., In re Link-A-Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

5. Referring specifically to the analytical framework described in *Helicos*, the

---

[3]Breckenridge has not taken a position with respect to TWi's motion to transfer.

3

court starts with the premise that a defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879 (citation omitted).

6. The Third Circuit goes on to recognize that,

[i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Id.* (citation omitted). The court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—**but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)**.

The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge

4

with the applicable state law in diversity cases.

*Id.* (citations omitted) (emphasis added).

7. **Discussion.** As noted above, TWi has not presented a typical scenario for transfer, that is, the case clearly could have been brought in the transferee district, and the transferee district is a more convenient one for the moving party. Instead, TWi skipped the first part of the § 1404(a) analysis altogether in its opening papers, concedes that the convenience factors are neutral, and urges the court to transfer based on the singular fact that the Maryland court had rendered a decision on a related patent and, thus, any forum but Maryland should be rejected as an exercise in forum shopping.

8. I disagree with TWi's reasoning. In the first instance, any negative connotations associated with "forum shopping" should have dissipated when Congress enacted the Patent Pilot Program Act, Pub. L. No. 111-349, 124 Stat. 3674 (2011), for the explicit purpose of encouraging forum shopping. Further, and as I have explained before, I decline

> to characterize a patentee's choice of venue as "forum shopping" when, by moving to transfer venue, a defendant is doing the same thing - choosing a venue that it believes to be more favorable to its claims for whatever reason. . . . [T]o suggest that a company that chooses different venues for different suits is operating in bad faith is disingenuous, and the suggestion is a not-so-subtle attempt to cloak the venue selection exercise in which every company engages with overtones of intentional misconduct.

*Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 384-85 (D. Del. 2012). TWi's argument in this regard is particularly unpersuasive under the circumstances of record, where TWi has argued that plaintiffs engaged in forum

5

shopping to avoid an adverse decision in Maryland: The instant case was filed after a judgment of obviousness by the Maryland court was vacated by the Federal Circuit on appeal (D.I. 18, ex. 10), and before the Maryland court issued its renewed adverse decision (D.I. 21, exs. A, B).[4]

9. With respect to the prospect of judicial inefficiencies if TWi's motion for transfer is denied, TWi glosses over the fact that the '088 patent has been asserted against both TWi and Breckenridge; i.e., if TWi has its way, there most certainly will be judicial inefficiencies, with two courts trying two separate cases over the same patent, possibly reaching inconsistent results. See In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006) ("[T]he most important factor is the avoidance of duplicative litigation: Adjudicating almost identical issues in separate fora would waste judicial resources."). While adjudicating the '088 patent in two fora would undoubtedly be inefficient,[5] the inefficiencies identified by TWi in adjudicating the '576 and '088 patents in different fora are not compelling. More specifically, TWi argues that "[t]here is simply no reason for this Court to do work that has already been accomplished in the Maryland action." (D.I. 9 at 10) That argument again glosses over the fact that the '576 and '088 patents, although related, are different and the parties at suit are different. Moreover, even if the issues associated with the '576 and '088 patents are as intertwined as TWi argues, the risks of judicial inefficiencies and of retrying issues resolved in the Maryland litigation

---

[4]Of course, no decision is truly "adverse" until the Federal Circuit makes it so.

[5]Therefore, TWi's motion to sever count IV of the complaint is denied.

6

are addressed by, e.g., the doctrine of collateral estoppel.[6]

10. In sum, neither the private nor the public factors identified in *Jumara* support TWi's request for transfer.[7] This conclusion is further buttressed by the fact that Par has instituted several more lawsuits in Delaware related to TWi's ANDA No. 20-3139, asserting infringement of three newly issued patents, U.S. Patent Nos. 9,101,540, 9,101,549, and 9,107,827. *See Par Pharmaceuticals, Inc., et al. v. TWi Pharmaceuticals, Inc., et al.*, Civ. Nos. 15-698-SLR and 15-710-SLR.

11. TWi has also moved to dismiss count III of the complaint, alleging patent infringement against TWi under the Hatch-Waxman Act, based on its argument that this court was divested of jurisdiction once the FDA approved TWi's ANDA. TWi cited no authority in support of its argument, and the court is aware of none. Indeed, it is not at all unusual in ANDA cases for the generic to have FDA approval before the ANDA litigation is completed. *See, e.g., Anesta AG, et al. v. Mylan Pharmaceuticals, Inc., et al.* Civ. No. 08-889-SLR, D.I. 416 (D. Del. August 14, 2014); *Research Found. of State Univ. of New York v. Mylan Pharm., Inc.*, 809 F. Supp. 2d 296, 301 and 316 (D. Del. 2011). Therefore, this portion of TWi's motion is also denied.

---

[6]The technology at issue is not so complex as to warrant a response to TWi's argument relating to such. (D.I. 9 at 11)

[7]Because I find that TWi has failed to carry its burden of proof under § 1404(a), I need not address the question of jurisdiction in Maryland.

12. **Conclusion.** For the reasons stated, TWi's motion to transfer and for related relief (D.I. 8) is denied.

_____
United States District Judge